## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

ALL COUNTY MORTUARY SERVICE, INC, )
a Florida corporation, and VINCE SHARKEY, )
individually, )
                       )
       Plaintiffs, )
                       )
v. )
                       )
EDGLEY CREMATORY, INC., a Florida )
corporation, and JOHN S. EDGLEY, )
individually, )
                       )
       Defendants. )
_____ )

## COMPLAINT

Plaintiffs, All County Mortuary Service, Inc. d/b/a All County Funeral Homes and Crematory ("All County") and Vince Sharkey ("Sharkey"), by and through their undersigned attorneys, bring this action against Defendants, Edgley Crematory, Inc. d/b/a Edgley Cremation Services ("Edgley Inc.") and John S. Edgley ("J. Edgley") and allege as follows:

### JURISDICTION AND VENUE

1.      Pursuant to 15 U.S.C. § 1121(a), this Court has original subject matter jurisdiction over this action as it arises under United States Code, Title 15, Chapter 22 (Lanham Act), and involves Defendants' infringement and dilution of Plaintiffs' trademark. Pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has original jurisdiction over the claims asserted under the Lanham Act, as these claims arise under the federal laws of the United States.

2.      Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act, as these claims are related to claims within the Court's original jurisdiction.

3.      This Court has personal jurisdiction over Defendants by virtue of their transacting, doing, and soliciting business in this district and because Defendants continue to offer services that infringe and dilute the distinctive quality of Plaintiffs' trademark in this district.

4.      Venue in this judicial district is proper under the provisions of 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Defendants reside in this judicial district.

## PARTIES

5.      Plaintiff, All County Mortuary Service, Inc., d/b/a All County Funeral Homes & Crematory ("All County"), is a Florida corporation with its principal place of business at 1107 Lake Avenue, Lake Worth, Florida 33460.

6.      Plaintiff, Vince Sharkey ("Sharkey"), is an individual who is over the age of 18 and a resident of Palm Beach County, Florida.

7.      Upon information and belief, Defendant Edgley Crematory, Inc. d/b/a Edgley Cremation Services ("Edgley Inc.") is a Florida corporation with its principal place of business at 4128 Westroads Drive, Suite 203, West Palm Beach, Florida 33407.

8.      Defendant John S. Edgley ("J. Edgley"), is an individual who is over the age of 18 and upon information and belief, is a resident of Palm Beach County, Florida. Edgley Inc. and J. Edgley are collectively referred to herein as "the Edgley Defendants".

## NATURE OF THE ACTION

9. This is an action for trademark infringement, trademark dilution, false designation of origin and unfair competition, false advertisement, violation of the Anticybersquatting Consumer Protection Act, unjust enrichment, and violation of § 620.4137, Fla. Stat. (2010).

10. The Edgley Defendants' past and present actions constitute infringement and dilution of U.S. Trademark Registration No. 2,603,927 under the federal trademark laws of the United States of America, United States Code, Title 15, Chapter 22 (Lanham Act).

11. The Edgley Defendants' past and present actions constitute cybersquatting under the federal trademark laws of the United States of America, United States Code, Title 15, Chapter 22 (Lanham Act).

12. Plaintiffs, All County and Sharkey, seek a preliminary and permanent injunction under 15 U.S.C § 1116 against the Edgley Defendants, their agents, servants, employees and assigns; and all those acting in concert with them for their continued infringement and dilution of U.S. Trademark Registration No. 2,603,927.

13. The Edgley Defendants' failure to disclose their insurance information violates section 627.4137, Florida Statutes. Plaintiffs, All County and Sharkey, seek an order demanding the Edgley Defendants to comply with Plaintiffs' insurance disclosure request pursuant to section 627.4137, Florida Statues.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiff All County provides funeral home and cremation services and sells products relating thereto.

3

15.     All County has continuously provided funeral home and cremation services since at least as early as 1990.  Plaintiff All County has become widely known in the marketplace as one of the preeminent sources of funeral home and cremation services.

16.     Defendant Edgley Inc. is a direct competitor of Plaintiff All County, providing cremation services to others.

17.     Plaintiff Sharkey is the owner of U.S. Trademark Registration No. 2,603,927 for "All County Funeral Home & Crematory" (the "Trademark") for providing funeral home and cremation services and is the sole owner of All County, the entity through which the Trademark is used.  A copy of the trademark registration is attached hereto as "Exhibit A" and incorporated herein by reference.  Plaintiff Sharkey has been the continuous owner of the Trademark since at least as early as 1990.

18.     Plaintiff All County uses the Trademark to commercialize its brand of funeral home and cremation services.

19.     Plaintiff All County's services are strongly associated with and identified by the Trademark, which Plaintiff All County has continuously used in commerce since at least as early as 1990.

20.     On December 6, 2000, Plaintiff Sharkey filed trademark application serial number 76/176,499 for the Trademark.

21.     The Trademark was published for opposition on May 14, 2002.

22.     On August 6, 2002, Plaintiff Sharkey received Federal Trademark Registration No. 2,603,927 for the Trademark for providing funeral home and cremation services.

23.     On or about January 25, 2011, Plaintiffs, by and through its attorneys, formally informed the Edgley Defendants that its ownership and use of the domain name

www.allcountycremation.com amounted to dilution and intentional infringement of the registered Trademark, cybersquatting, false designation of origin, and unfair competition. Plaintiffs requested that Defendants cease and desist use of "All County" in connection with Funeral or Cremation Services, transfer the infringing domain name to Plaintiffs, and compensate Plaintiffs for the improper use.

24.   Plaintiff All County is strongly associated with and identified by the Trademark, which has been continuously used by All County in commerce since at least as early as January 1, 1990.

25.   Plaintiff All County operates a website at www.allcounty.com at which it describes the goods and services offered under its Trademark.

26.   Plaintiff All County has owned and maintained the domain name www.allcouty.com since November 6, 2000.

27.   Plaintiff All County's exclusive and continuous use of the Trademark in connection with funeral and cremation services since at least January 1, 1990, and the identification of such services on Plaintiff All County's website since on or about November 6, 2000, has firmly established Plaintiff All County's reputation.

28.   Over many years, Plaintiff All County has invested a significant amount of time, money, and effort in advertising and establishing its Trademark in the minds of consumers as identifiers of Plaintiff All County's high-quality services.

29.   As a result of Plaintiffs' efforts and successes, Plaintiffs' Trademark has accumulated substantial recognition and goodwill.  By virtue of the extensive use of its Trademark and associated website and the substantial sums Plaintiffs have spent to promote its Trademark, the Trademark has acquired such goodwill that the public has come to associate the

5

Trademark exclusively with Plaintiff All County and to believe that the Trademark uniquely identify Plaintiff All County's goods and services.

30.     Through Plaintiff All County's extensive efforts and continuous use, the Trademark has become distinctive and has earned a far-reaching reputation for its quality.

31.     On information and belief, on or about April 21, 2007, Defendant J. Edgley, Defendant Edgley Inc.'s officer or agent, registered or caused to be registered the domain name www.allcountycremation.com for his own personal gain (the "Domain Name").

32.     Edgley Inc. utilizes the Domain Name for its business.

33.     On information and belief, Defendants created or caused to be created a website describing Defendant Edgley Inc.'s services located at www.allcountycremation.com.

34.     Defendants' registration of www.allcountycremation.com prevented Plaintiff from establishing a website at this domain.

35.     Plaintiffs' Trademark was distinctive, either inherently or through acquired distinctiveness, at least as early as April 21, 2007.

36.     Defendants' Domain Name, www.allcountycremation.com, differs from Plaintiffs' Trademark, only by the elimination of the terms and symbols "Funeral Home &," the substitution of "cremation" for "crematory," the elimination of punctuation and spaces (which cannot exist in a domain name) and the use of all lowercase letters (which is irrelevant since domain names are not case-sensitive).

37.     Defendants' website advertised and promoted (and/or advertises and promotes) services in direct competition with Plaintiff All County's services, including cremation services.

38.     Defendants capitalized on Plaintiffs' distinctive Trademark to redirect and divert customers to Defendants' websites for commercial purposes and financial gain.

6

39.     On information and belief, Defendants intended and/or intend not only to frustrate Plaintiff All County's ability to market and promote its services on the Internet, but also to capitalize on Plaintiff All County's goodwill and reputation by directing Internet users looking for Plaintiff All County's website to a website containing information regarding Defendants' services.

40.     Internet users looking for Plaintiff All County's website and exposed to the Domain Name are likely to be confused as to the source and affiliation of the services.

41.     Defendants' Domain is likely to cause confusion or mistake among or to deceive Internet users as to affiliation, connection, or association between Defendant Edgley Inc. and Plaintiff All County or as to origin, sponsorship, or approval of Defendants' website and content by Plaintiff All County.

42.     Defendants' Domain Name and use of Plaintiffs' Trademark is likely to impair the distinctiveness of Plaintiffs' Trademark.

43.     Defendants' Domain Name is likely to harm Plaintiff All County's reputation and the goodwill in Plaintiff All County's Trademark.

44.     On information and belief, Defendants are responsible for registering or causing the registration of the Domain Name and for designing Defendants' website

45.     On information and belief, Defendants undertake their infringing activities for profit, as a business venture.

46.     Defendants are not now and have never been authorized by either Plaintiff and are not now and have never been entitled to own or use the Domain Name or any portion of Plaintiffs' Trademark in connection with any domain name, business, product, or service.

7

47.     Plaintiffs have been and continue to be injured by Defendants' unlawful acts within the State of Florida and within this judicial district.

48.     Plaintiffs have made demands that Defendants discontinue and cease the acts complained of, but Defendants have not met nor expressed any indication that they will meet any of Plaintiffs' demands.

49.     On information and belief, Defendants acted with actual and constructive notice of Plaintiffs' Trademark and of Plaintiff All County's extensive and continuous use of the Trademark.

50.     On information and belief, Defendants performed the acts complained of herein willfully, in bad faith, and with knowledge of the infringement and dilution they would cause; with intent to cause confusion, mistake, or deception; and to appropriate and unfairly trade upon Plaintiff All County's extensive reputation and goodwill in its Trademark.

## COUNT ONE
## (FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114))

51.     Plaintiffs reallege and incorporate the allegations in all preceding paragraphs of this Complaint.

52.     Defendants' aforementioned use of domain name www.allcountycremation.com constitutes trademark infringement in violation of 15 U.S.C. § 1114.

53.     Defendants' unauthorized and unlicensed use of Plaintiffs' Trademark in the manner described above is likely to cause confusion or mistake in the minds of consumers or to deceive consumers to mistakenly believe that Defendant Edgely Inc. has an affiliation, connection, or association with Plaintiff All County.

54.    Defendants' unauthorized and unlicensed use of Plaintiffs' Trademark in the manner described above is likely to cause confusion or mistake in the minds of consumers or to deceive consumers as to the source or origin of Defendant Edgley Inc.'s services.

55.    The acts of Defendants infringe Plaintiffs' Trademark, with consequent damage to Plaintiffs and the business and goodwill symbolized by the Trademark.

56.    Defendants' acts of trademark infringement have caused and are causing great and irreparable injury to Plaintiffs, to the Trademark, and to the business and goodwill represented by the Trademark in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

57.    By reason of the foregoing, Plaintiffs demand injunctive relief against Defendants and, after trial, recovery of any damages proved to have been caused by reason of Defendants' acts of trademark infringement.

### COUNT TWO
### (FEDERAL TRADEMARK DILUTION)

58.    Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth herein.

59.    Plaintiffs' Trademark is a distinctive trademark used in interstate commerce in the United States. Among other things, (a) the Trademark is inherently distinctive and has a high degree of acquired distinctiveness; (b) Plaintiff All County has used the Trademark in connection with its services for more than twenty-one years; (c) Plaintiff All County has advertised and publicized the Trademark for a considerable amount of time throughout the United States; (d) Plaintiff All County has used the Trademark in a trading area of broad geographical scope, encompassing all of the states of the United States; (e) the Trademark has wide recognition among the general consuming public of the United States as a designation of source for Plaintiff

9

All County's services; (f) there are no similar Trademarks in use to any extent or in any nature by third parties in connection with Plaintiff All County's services; and (g) the Trademark is registered on the Principal Register.

60. The acts of Defendants are likely to dilute, tarnish, and detract from the distinctiveness of Plaintiffs' Trademark, with consequent damage to Plaintiffs and the business and goodwill symbolized by Plaintiffs' Trademark, in violation of the Trademark Dilution Revision Act of 2006, codified at 15 U.S.C. § 1125(c).

61. Defendants' willful acts of trademark dilution have caused and are causing great injury to Plaintiffs, its Trademark, and the business and goodwill represented by Plaintiffs' Trademark in an amount that cannot be ascertained at this time and, unless enjoined, will cause further injury, leaving Plaintiffs with no adequate remedy at law.

62. By reason of the foregoing, Plaintiffs are entitled to injunctive relief against Defendants and, after trial, a recovery of any damages proved to have been caused by reason of Defendants' willful acts of trademark dilution.

## COUNT THREE
## (FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A)) AND UNFAIR COMPETITION)

63. Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth herein.

64. Defendants' aforementioned use of Plaintiffs' Trademark, without Plaintiffs' consent, constitutes the use of false or misleading designation of origin and/or the making of false or misleading representation of fact in violation of 15 U.S.C. § 1125(a).

65. Defendants' unauthorized and unlicensed use of Plaintiffs' Trademark in the manner described above is likely to cause confusion or mistake in the trade and in the minds of

consumers or deceive consumers to mistakenly believe that Defendant Edgley Inc. has an affiliation, connection, or association with Plaintiff All County.

66.     Defendants' unauthorized and unlicensed use of Plaintiffs' Trademark and Trade Name in the manner described above is likely to cause confusion or mistake in the minds of consumers or to deceive consumers as to the source or origin of Defendants' services.

67.     The acts of Defendants infringe Plaintiffs' Trademark, with consequent damage to Plaintiffs and the business and goodwill symbolized by the Trademark.

68.     Defendants' acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiffs, Plaintiffs' Trademark, and the business and goodwill represented by the Trademark in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiffs with no adequate remedy at law.

69.     By reason of the foregoing, Plaintiffs demand injunctive relief against Defendants and, after trial, a recovery of any damages proved to have been caused by Defendants' acts of false designation of origin and unfair competition.

### COUNT FOUR
### (FALSE ADVERTISEMENT (15 U.S.C. 1125(a))

70.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth herein.

71.     Defendants' aforementioned use of Plaintiffs Trademark constitutes false advertising and/or false or misleading representations of fact which are likely to cause confusion and mistake among the consuming public that the website operated by Defendants (and the goods and/or services offered thereon) emanate from, or are otherwise associated with Plaintiff All County in violation of 15 U.S.C. § 1125(a).

11

72.     Defendants' actions have been and continue to be committed intentionally with full knowledge of Plaintiffs' prior rights and the fact that such actions are likely to deceive or have deceived a substantial segment of Internet purchasers seeking to purchase services related to All County.

73.     Defendants' deceptive acts are likely to influence the purchasing decisions of Internet customers by causing confusion and mistake among consumers that (a) Defendants' website originates with the Plaintiff All County, (b) there is some affiliation, connection or association between Plaintiff All County's website and Defendants' website (and the goods and/or services offered thereon), and /or (c) Defendants' website (and the goods and/or services offered thereon) are being offered to consumers with the sponsorship and/or approval of the Plaintiffs.

74.     Defendants' misconduct has injured Plaintiffs in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## COUNT FIVE
## (ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(D)))

75.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth herein.

76.     Defendants' aforementioned use of the Trademark constitutes a violation of 15 U.S.C. § 1125(d).

77.     Defendants have appropriated Plaintiffs' distinctive Trademark by incorporating it in Defendants' Domain Name, which hosts Defendants' website, and which was registered or caused to be registered by Defendants with a bad faith intent to profit.

12

WP1 403067v4 07/28/11

78.     Defendants' acts of registering and using for commercial gain the Domain Name, www.allcountycremation.com, that is nearly identical or confusingly similar to or dilutive of Plaintiffs' Trademark has usurped Plaintiff All County's goodwill, reputation, and customer base.

79.     Defendants' infringing conduct has caused substantial irreparable injury to the public and to Plaintiff.

80.     Defendants' unwillingness to transfer the Domain Name causes further injury to Plaintiff All County's business interest as it impedes Plaintiff All County from using its Trademark.

81.     Unless enjoined by this court, Defendants will continue to engage in cybersquatting to Plaintiffs' immediate and irreparable damage.

82.     By reason of the forgoing, Plaintiffs are entitled to injunctive relief against Defendants, transfer of Defendants' domain name to Plaintiffs, and a recovery for statutory damages or, after trial, a recovery for any damages proven to have been caused by Defendants' acts to profit from Plaintiff All County's Trade Name.

## COUNT SIX
## (UNJUST ENRICHMENT)

83.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth herein.

84.     Defendants' unauthorized and unlicensed use of Plaintiffs' Trademark in the manner described above is likely to cause confusion or mistake in the minds of consumers or to deceive consumers to mistakenly believe that Defendants have an affiliation, connection, or association with Plaintiff All County.

13

85.     Defendants' unauthorized and unlicensed use of Plaintiffs' Trademark in the manner described above is likely to cause confusion or mistake in the minds of consumers or to deceive consumers as to the source or origin of Defendants' services.

86.     Upon information and belief, Defendants have been or will be enriched at Plaintiffs' expense by Defendants' unauthorized and unlicensed use of Plaintiffs' Trademark. Such unjust enrichment and benefits include, but are not limited to: (1) the value of Plaintiffs' Trademark for the commercial purposes made thereof by Defendants, and (2) the amount of Defendants' gross revenues attributable to the use of Plaintiffs' mark.

87.     Any enrichment that Defendants have received or will receive from its use of Plaintiffs' Trademark is a result of Defendants' unauthorized use of the Trademark. Accordingly, any such enrichment is unjust and should, in equity and good conscience, be returned to Plaintiffs.

88.     As a result of Defendants' unauthorized and unlicensed use of the Trademark, Plaintiffs have been and will continue to be harmed unless Defendants and all persons or entities acting on their behalf, in concert with them, or as their agents are permanently enjoined from using Plaintiffs' Trademark.  Plaintiffs have no adequate remedy at law.

89.     As a result of Defendants' unauthorized and unlicensed use of Plaintiffs' Trademark, Defendants have been unjustly enriched at the expense of Plaintiffs in an amount in excess of this Court's jurisdictional requirement and according to proof at trial.

## COUNT SEVEN
## (FLORIDA'S INSURANCE DISCLOSURE REQUIREMENT (620.4137, FLA. STAT. (2010)))

90.     Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 50 of this Complaint as if set forth herein

14

91.     On or about March 10, 2011, Plaintiffs formally asked Defendants to disclose certain insurance information pursuant to the disclosure requirements of section 627.4137, Florida Statutes, which require Defendants to disclose certain insurance information within 30 days of receipt of a request for such information. A copy of the correspondence containing the request is attached hereto as "Exhibit B."

92.     Defendants have failed to respond to Plaintiffs' request.

93.     Plaintiffs request that this Court order Defendants to respond to Plaintiffs' insurance disclosure request pursuant to § 627.4137, Fla. Stat. (2010) and grant such other and further relief that this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

A.     Preliminarily and permanently enjoin Defendants, their agents, servants, employees and assigns, and all those acting in concert or participation with them under 15 U.S.C. § 1116 from further infringement of U.S. Trademark Registration No. 2,321,868; order an accounting for compensatory damages, including interest and costs, under 15 U.S.C. § 1117; in view of the exceptional nature of the case and the willful nature of the infringement, order treble damages and attorney fees under 15 U.S.C. § 1117; and order such other and further relief as this Court deems just and proper.

B.     Preliminarily and permanently enjoin Defendants, their agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendants from:

(1)     any use of the designation "All County" in relationship to funeral or crematory services, or any designation that includes any variation of Plaintiffs' Trademark or any confusingly similar designation;

15

(2)     doing any other acts or things calculated or likely to cause confusion, mistake, or deception in the mind of the public, or to lead consumers into the belief that products or services sold, offered for sale, or distributed by Defendants are authorized, sponsored, licensed, endorsed, promoted, condoned by, or otherwise affiliated with or connected to Plaintiff All County;

(3)     diluting, tarnishing, or blurring in any way Plaintiffs' Trademark, or representing by any means whatsoever, directly or indirectly, that any products or services offered or provided by Defendants are offered, provided by, or approved by Plaintiffs, or otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the origin or sponsorship of such products and services;

(4)     otherwise competing unfairly with Plaintiff All County in any manner or continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint; and

(5)     aiding any other party in doing any acts prohibited by this paragraph.

C.     Order Defendants to provide a complete accounting of its infringing activities.

D.     Order Defendants to transfer to Plaintiffs the registration of the domain name www.allcountycremation.com and any other domain names that include Plaintiffs' Trademark or confusingly similar variations thereof and provide statutory damages of $100,000 per domain name.

E.     Order Defendants, pursuant to 15 U.S.C. § 1116, to serve on Plaintiffs within thirty days after service on Defendants of the requested preliminary or permanent injunction order a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

WPI 403067v4 07/28/11

F.    Order Defendants to account to Plaintiffs for Defendants' profits and any damages sustained by Plaintiffs arising from Defendants' acts of trademark infringements, trademark dilution, and unfair competition, and order that Plaintiffs be awarded the greater of (i) three times Defendants' profits or (ii) three times any damages sustained by Plaintiffs, under 15 U.S.C. § 1117, plus prejudgment interest.

G.    Order Defendants to pay Plaintiffs enhanced damages for Defendants' oppression, fraud, malice, and gross negligence, whether grounded on proof of actual damages incurred by Plaintiffs or on proof of Defendants' unjust enrichment.

H.    Order Defendants to respond to Plaintiffs' request for Defendants' insurance information pursuant to section 627.4137, Florida Statutes.

I.    Award Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorney fees and investigative expenses, on the ground that this is an exceptional case under 15 U.S.C. § 1117; and

J.    Award Plaintiffs such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

Respectfully submitted,

Dated: July 28, 2011

By:    /s/ L.A. Perkins
L.A. Perkins, Esquire
Florida Bar No. 100153
lperkins@foxrothschild.com
FOX ROTHSCHILD LLP
222 Lakeview Avenue, Suite 700
West Palm Beach, FL 33401
Telephone: (561) 804-4449
Fax: (561) 835-9602

Attorney for Plaintiffs,
All County Mortuary Services, Inc. and
Vince Sharkey

17